Clerk's Office
U. S. District Court
**FILED**
2/25/2020
Julia C. Dudley, Clerk
By: /s/ Susan Moody
    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| AVEPOINT, INC. and<br>AVEPOINT PUBLIC SECTOR, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>ROBERT KNICKERBOCKER,<br><br>    Defendant. | Civil Action No. 7:19CV00739<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. Glen E. Conrad<br>Senior United States District Judge |

AvePoint, Inc. ("API") and AvePoint Public Sector, Inc. ("APSI," and collectively with API, "AvePoint") filed this declaratory judgment action against Robert Knickerbocker, a former employee of APSI. The case is presently before the court on Knickerbocker's motion to dismiss for lack of venue or, in the alternative, to transfer venue to the District of Maryland. The motion has been fully briefed, and the court heard oral argument on February 18, 2020. For the following reasons, the court will grant the motion to dismiss.

**Background**

API is a Delaware corporation that maintains its principal place of business in Richmond, Virginia. Compl. ¶ 1, ECF No. 1. API provides infrastructure management solutions for Microsoft® SharePoint® products and technologies. Id.

APSI, a wholly-owned subsidiary of API, is a Virginia corporation based in Arlington, Virginia. Id. ¶ 2. APSI markets and sells API's products and services to customers in the public sector, including federal agencies. Id.

Knickerbocker is a resident of Severna Park, Maryland. Id. ¶ 3. In November of 2017, APSI hired Knickerbocker to work as a Senior Account Executive. Id. ¶ 10. "Throughout his

employment with APSI, Knickerbocker worked for APSI at its headquarters in Arlington, Virginia." Id. ¶ 11.

On January 1, 2019, API issued a 2019 Sales Representative Compensation Plan (the "Plan"), which applied to all sales employees of API and its subsidiaries. Compl. Ex. 1, ECF No. 1-1. The Plan included a provision explaining what conditions must be met in order for sales commissions to be paid following an employee's termination. Id. at 8. On February 14, 2019, Knickerbocker signed a form acknowledging his receipt of the Plan and his agreement to its terms. Id. at 9.

On August 7, 2019, APSI terminated Knickerbocker's employment. Compl. ¶ 16; see also Pls.' Resp. to Mot. Dismiss at 1, ECF No. 11 ("APSI terminated Knickerbocker's at-will employment in Arlington, Virginia."). By email dated August 8, 2019, Melissa Fingerhut, an API employee, provided Knickerbocker with a summary of "final exit logistics." Compl. Ex. 2, ECF No. 1-2. Fingerhut reminded Knickerbocker that any outstanding commissions would be paid in accordance with the Plan's termination provision. Id.

By letter dated September 10, 2019, an attorney in Maryland advised APSI that his law firm had been retained to represent Knickerbocker and pursue "a potential cause of action against [APSI] in the State of Maryland," based on the company's alleged failure to pay "commissions and wages properly due and earned." Compl. Ex. 3 at 1, ECF No. 1-3. The letter asserted that Knickerbocker was entitled to unpaid compensation in the amount of $492,301.00 under Maryland law, in addition to consequential and incidental damages. Id. at 5–6. The letter demanded that APSI forward a check in the amount of $542,301.00, in order to resolve the matter out of court. Id. at 6. The letter was sent to APSI's address in Arlington. Id. at 1.

On September 30, 2019, Knickerbocker's attorney forwarded the September 10, 2019 letter to a mailing address for APSI in Jersey City, New Jersey. Compl. Ex. 4, ECF No. 1-4. The accompanying cover letter indicated that Knickerbocker would proceed with filing suit against APSI, if the attorney did not receive a response within a certain time period.

On November 2, 2019, AvePoint's Roanoke, Virginia-based attorney responded to the letters. Compl. Ex. 5, ECF No. 1-5. In the response, which was sent via email and regular mail to Knickerbocker's attorney in Maryland, AvePoint's counsel asserted that APSI had properly terminated Knickerbocker's employment and owed Knickerbocker nothing under the terms of the Plan. Id. at 1. AvePoint's counsel further asserted that Knickerbocker's employment was "subject to the laws of Virginia," and that "Virginia is the only appropriate forum for any dispute." Id. at 2. AvePoint's counsel emphasized that "API has its operational headquarters in Richmond, Virginia," and that "Knickerbocker worked for APSI out of its office in Arlington, Virginia." Id.

That same day, Knickerbocker's attorney emailed AvePoint's counsel and inquired as to whether he was empowered to accept service of process on behalf of his client. Compl. Ex. 6, ECF No. 1-6. In response, AvePoint's counsel advised that he did not have authority to accept service of process. Compl. Ex. 7, ECF No. 1-7. AvePoint's counsel also emphasized that "Virginia [would be] the only proper forum," and that if Knickerbocker were to file elsewhere, AvePoint would "seek dismissal or transfer and likely file its own action in Virginia." Id. Approximately 25 minutes later, Knickerbocker's attorney replied that his firm would be "moving forward," and that they would serve AvePoint's resident agent. Id.

Less than 24 hours later, on November 3, 2019, AvePoint filed the instant action against Knickerbocker in the Western District of Virginia. AvePoint seeks a judgment declaring that

3

"Knickerbocker's at-will employment with APSI was properly terminated," and that "AvePoint has no obligation to pay any additional commissions or other amounts to Knickerbocker under his Plan or otherwise." Compl. ¶ 46.

Knickerbocker has moved to dismiss the action on the basis that venue is improper in this district. Knickerbocker alternatively requests that the action be transferred to the District of Maryland. In response, AvePoint argues that the action should proceed in this district or be transferred to the Alexandria or Richmond Division of the Eastern District of Virginia.

## Standard of Review

Rule 12(b)(3) of the Federal Rules of Civil Procedure permits a defendant to seek dismissal on the basis of improper venue. When a challenge to venue is raised, the plaintiffs bear the burden of demonstrating that venue is proper. Stone v. Wells Fargo Bank, N.A., 361 F. Supp. 3d 539, 549 (D. Md. 2019) (citing Bartholomew v. Va. Chiropractors Ass'n, 612 F.2d 812, 816 (4th Cir. 1979)). "To survive a motion to dismiss for improper venue when no evidentiary hearing is held, the plaintiff[s] need only make a prima facie showing of venue." Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004). In determining whether such a showing has been made, the court must view the facts in the light most favorable to the plaintiffs. Aggarao v. MOL Ship Mgmt. Co., 675 F.3d 355, 366 (4th Cir. 2012).

## Discussion

Venue in a declaratory judgment action is governed by the general venue statute, 28 U.S.C. § 1391(b). Under this statute, "it is possible for venue to be proper in more than one judicial district." Mitrano, 377 F.3d at 405. The statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

In this case, it is undisputed that Knickerbocker—the only defendant—resides in Maryland. Therefore, venue is only proper in the Western District of Virginia if a "substantial part of the events or omissions giving rise to [AvePoint's] claim occurred" here. Id. In determining whether this requirement is met, "a court should not focus only on those matters that are in dispute or that directly led to the filing of the action." Mitrano, 377 F.3d at 405. Instead, "it should review the entire sequence of events underlying the claim." Id. (internal citation and quotation marks omitted).

Applying these principles, the court concludes that AvePoint has failed to meet its burden of establishing that venue is proper in the Western District of Virginia. According to the complaint, APSI hired Knickerbocker at its headquarters in Arlington, Virginia, which is located in the Eastern District; Knickerbocker's office was located at APSI's headquarters in Arlington; and APSI terminated his employment in Arlington. Moreover, AvePoint does not allege that any of Knickerbocker's work was performed in the Western District of Virginia, or that any of the sales for which he seeks compensation were made to customers located here. Cf. id. at 406 ("[I]t was Mitrano's work that allegedly created his entitlement to the payment he now seeks. For that reason, depending on the amount of work that Mitrano completed in the Eastern District, that work alone may be sufficient to justify venue there."). For these reasons, the court concludes that AvePoint has not met its burden of demonstrating that "a substantial part of the events or

omissions giving rise to the claim" for declaratory relief occurred in the Western District of Virginia. 28 U.S.C. § 1391(b)(3). The mere fact that AvePoint's attorney is based in Roanoke is insufficient to make venue proper in this district.

When venue is found to be improper, a district court "shall dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "[T]he choice to transfer or dismiss a case afforded by § 1406(a) lies within the sound discretion of the district court." Quinn v. Watson, 145 F. App'x 799, 800 (4th Cir. 2005); see also Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1202 (4th Cir. 1993) (finding no abuse of discretion in declining to transfer a case since the plaintiffs' attorneys could have reasonably foreseen that the forum in which they filed was improper).

After considering the parties' arguments and applicable law, the court concludes that dismissal is appropriate in this case. Venue is clearly lacking in the Western District of Virginia, and AvePoint has not identified any procedural bar that would prevent it from refiling in a proper forum. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465 (1962) (citing to the loss of "a substantial part of [plaintiff's] cause of action under the statute of limitations" as "a typical example of the problem [Congress] sought to [avoid]" in enacting § 1406(a)). Nor has AvePoint offered any other "reason to believe that an injustice will result from the dismissal as opposed to a transfer." Johnson v. Christopher, 233 F. App'x 852, 854 (10th Cir. 2007). Based on the particular circumstances presented, the court is of the opinion that the interests of justice are best served by allowing AvePoint to determine whether it still wishes to pursue this action for declaratory relief, and if so, which forum would be most appropriate. See, e.g., White v. Diamond Warranty Corp., No. 2:12-cv-01771, 2012 U.S. Dist. LEXIS 123534, at *8 (S.D.W. Va. Aug. 30, 2012) (concluding that "the best course of action is to dismiss the case and allow

the plaintiff to re-file her action in the district of her choice, provided that it has proper venue over the action"). Therefore, the court declines to transfer the case to another district and will instead dismiss it without prejudice.[*]

### Conclusion

For the reasons stated, the court will grant Knickerbocker's motion to dismiss for lack of venue. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 15th day of February, 2020.

_____
Senior United States District Judge

---

[*] In light of the court's decision, the court finds it unnecessary to determine whether it would be appropriate to decline to exercise jurisdiction on the basis of Knickerbocker's argument that this action constitutes an "improper act of forum shopping" or a "race to the courthouse." See Learning Network, Inc. v. Discovery Communs., Inc., 11 F. App'x 297, 301 (4th Cir. 2001) (observing that "[s]uch procedural fencing is a factor that counsels against exercising jurisdiction over a declaratory judgment action") (citations omitted).